JOHNATHAN TROWBRIDGE *v.* THOS. B. LAWRENCE.

**Parol Trusts, When Enforcible.**

A court of equity should be well satisfied as to the existence of parol trusts before one holding the absolute title is deprived of his right or possession, and when subsequent written agreements between the parties with reference to the same matter show that no such trust existed, or if it ever had existed it had been canceled, the statement of the party trying to enforce the trust is entitled to but little weight.

APPEAL FROM CLARK CIRCUIT COURT.

September 29, 1883.

OPINION BY JUDGE PRYOR:

Upon a careful consideration of the facts presented in the record it is manifest that in December, 1874, the appellant and appellee had a settlement of all their accounts and that the appellee then purchased the ten or eleven acres of land in controversy. The father of the appellee died leaving about ninety-seven acres of land and seven children, the land to be divided into seven parts at the death of their mother, who was a life tenant. Rees bought two of the shares in this land, and afterwards sold them to the appellee for $500 payable at the death of the life tenant with interest from date. When Rees bought and sold to Lawrence, the appellee, the land was undivided, and at the death of the mother the appellee was unable to pay Rees the purchase-money and interest. The appellant then agreed to take the land and in May, 1874, paid Rees $630, the amount of the note and interest. This appellant did at the instance and by the consent of the appellee, who was his brother-in-law, and Rees made to the appellant an absolute deed for the two interests. The shares had not then been allotted, and the appellant became the owner of the other shares or the most of them.

The appellee alleges that there was an agreement between himself and the appellant by which the latter was to hold the land in trust for him, and when he repaid the purchase-money he was to have the land; that the appellant had sold the land, and that the price paid for one share reimbursed appellant or nearly so in the money advanced, and therefore appellee asks that as to the ten or eleven acres in controversy he should be adjudged the owner. At the death of the life tenant the appellee continued to live on this ten or eleven acres, on which were the building and the improvements, and after remaining for some time left the premises in the possession of the appellant and claims rent. The original answer of the appellant is somewhat equivocal as to the existence of the trust, but we think it is evident that the recollection of each one of the parties is at fault as to what took place between them, and therefore the amended pleading of the defendant should have been permitted to be filed, denying the trust and relying on the agreement of December, 1874, that appellee seems to have no recollection of. In six or seven months after the conveyance by Rees to the appellant the appellee and appellant had a settlement between them and the appellee executed a receipt to that effect as follows: "This statement is to certify

that Johnathan Trowbridge (the appellant) and myself have had a full settlement of all outstanding accounts up to this date except the amount of money I owe said Trowbridge for the land I bought as of the date of December 20, 1874." Signed "Thos. Lawrence." On that day, December 20, 1874, the appellee executed to appellant this note: "One day after date I promise to pay Jonathan Trowbridge $500 for a tract of land specified in an article of agreement between said Trowbridge and myself, bearing date December 20, 1874, and I agree to pay said Trowbridge ten per cent. interest on said amount until he may demand the payment of the same. This 20th December, 1874." Signed "Thos. B. Lawrence."

The appellant exhibits the receipt of settlement and this note, alleging that the agreement about the land was in the possession of the appellee. This the latter denies and also alleges that he did not know what the two papers contained. He admits by the execution of the note that there was such an agreement, and it is perfectly rational that appellant should hold the note and appellee the agreement, and with the two papers before us it is difficult to avoid the conclusion that there was a settlement in December, 1874, and that the appellee has purchased this ten or eleven acres of land as appellant states.

The appellant had purchased the other shares or some of them for about the same price he paid Rees, and while appellee may have been offered more for the land when he let appellant have it, this is at best doubtful from the proof, and the decided weight of the testimony is with the appellant. The appellee continued in the possession of this land (the eleven acres) after the death of his mother and finally abandoned it, and said to a witness that he wanted to sell it, and suggested to him that he could pay appellant the $500 and himself the balance. Rees, appellee's own witness, proves the contract that appellant relies on.

These writings, admitted to have been signed by the parties, conclude this case, and whatever may be the moral obligation on the part of appellant to aid appellee in his embarrassments by reason of the speculation made on this purchase, the chancellor must leave it to the judgment of the appellant and not attempt to enforce it according to his own judgment. The ability of the one to assist the other affords no equitable ground for relief. A court of equity should be well satisfied as to the existence of parol trusts before one

holding the absolute title is deprived of his possession or right, and when subsequent written agreements between the parties with reference to the same matter show that no such trust existed, or if such an agreement was made it had been canceled, the statement of the party attempting to enforce the trust, that he did not know what the writings contained, whether in the pleadings or in the form of a deposition, is entitled to but little weight.

This judgment is therefore *reversed* and cause remanded with directions to enforce the lien of the appellant on the land for the note filed with the interest, less the reasonable value of the rent for the time the appellant has had the use of the property.

*Wm. M. Beckner, Leland Hathaway, for appellant.*

*Geo. B. Nelson, for appellee.*